UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA YOUNG,

Plaintiff,

v. Case No. 8:25-cv -1238-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.
_______________________________________/

# ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.

### A. Procedural Background

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 330–36, 337–42). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 236–39, 240–44, 248–50, 252–54).

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Plaintiff then requested an administrative hearing (Tr. 255–56). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 165–93). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 142–64). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1972, claimed disability beginning July 1, 2021 (Tr. 330–36, 337–42). She later amended her alleged onset date to January 23, 2022 (Tr. 474). Plaintiff obtained a high school education (Tr. 374). Plaintiff's past relevant work experience included work as medical records clerk (Tr. 374). Plaintiff alleged disability due to macular degeneration, high blood pressure, migraines, psoriatic arthritis, neuropathy, and anxiety (Tr. 373).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2026 and had not engaged in substantial gainful activity since January 23, 2022, the alleged onset date (Tr. 147). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease (DDD); hypertension; obesity; vision loss; macular degeneration; retinal scars; peripheral neuropathy; inflammatory arthritis; degenerative joint disease

(DJD); migraine headaches; psoriatic arthritis; sleep apnea; depression; and anxiety (Tr. 148). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 148–50). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: can lift 20 pounds occasionally and 10 pounds frequently; can stand and/or walk 4 hours per day; can sit 6 hours per day; can never climb ladders ropes or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl; can perform work which does not require vision with the left eye, and allows wearing glasses for the right eye; can frequently reach, handle, finger, feel; can perform work which does not require exposure to vibration, loud noise, hazardous machinery and heights; can understand, remember, and carry out routine and repetitive instructions and tasks; can perform jobs which do not require a specific production rate or pace, such as assembly lines; and can maintain attention and concentration for 2 hours at a time, but does require the standard morning, lunch, and afternoon breaks.

(Tr. 150). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 148–57).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 157). Given Plaintiff's background and RFC, the VE testified

that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an office helper, routing clerk, and router (Tr. 158). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 158–59).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related

functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation

varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

**III.**

Plaintiff argues that the ALJ erred by (1) failing to elicit a reasonable explanation for the apparent conflict between the VE's testimony and the DOT; and (2) finding that the new evidence submitted to the Appeals Council was not chronologically relevant. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A. The ALJ's evaluation of the VE's testimony**

Plaintiff argues that the ALJ erred in his step five finding. Specifically, Plaintiff contends that the ALJ did not resolve a conflict between the vocational expert's (VE) testimony and the *Dictionary of Occupational Titles* (DOT), as required by Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show that other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (citation omitted). "The ALJ must articulate specific jobs that the

claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted); *cf.* 20 C.F.R. § 404.1512(b)(3).

In doing so, the ALJ may "take administrative notice of reliable job information available from various governmental and other publications[,]" including the DOT, published by the Department of Labor. 20 C.F.R. § 404.1566(d). An ALJ may also utilize the services of a VE or other specialist in making the determination at step five as to whether a claimant's work skills can be used in other work and as to the specific occupations in which such skills can be used. 20 C.F.R. § 404.1566(e). A VE is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the ALJ consults a VE. *See id.* at 1243.

Over the years, issues have arisen about the ALJ's duty to investigate and develop an adequate factual record to support a disability determination in cases where VE testimony is contradicted by the DOT, upon which the SSA frequently relies. *See generally, Washington*, 906 F.3d at 1355–61. With the issuance of Social Security Ruling ("SSR") 00-4p, the SSA offered its policy interpretation regarding the issue. *See id.* at 1356. Under SSR 00-4p, when an apparent unresolved conflict exists between VE evidence and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE [] evidence to support a

determination or decision about whether the claimant is disabled." 2000 WL 1898704, at * 2 (Dec. 4, 2000). The ALJ must inquire, on the record, whether a conflict exists. *Id.* If a conflict exists, the ALJ must resolve the conflict by determining whether the explanation provided by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the information contained in the DOT. *Id.* Reasonable explanations may include the availability of information about a particular job's requirements or about occupations not listed in the DOT but available in other reliable publications, information obtained directly from employers, or from a VE's experience in job placement or career counseling. *Id.*

In considering the application of SSR 00-4p, the Eleventh Circuit concluded that ALJs maintain "an affirmative duty to identify apparent conflicts between the testimony of a [VE] and the DOT and resolve them." *Washington*, 906 F.3d at 1356. In carrying out that duty, the ALJ must do more than simply ask the VE whether his or her testimony is consistent with the DOT. *Id.* According to the Eleventh Circuit, when a conflict has been identified, SSR 00-4p requires the ALJ to provide a reasonable explanation for the discrepancy and to detail in the decision how the ALJ resolved the conflict. *Id.* The failure to do so means that the ALJ's decision, if based upon the contradicted VE testimony, is not supported by substantial evidence. *Id.*

SSR 00-4p thus imposes a duty on the ALJ to identify and resolve "apparent conflicts" between DOT data and VE testimony. *Id.* at 1362. Under this framework, an "apparent conflict" is one "that is reasonably ascertainable or evident from a

review of the DOT and the VE's testimony." *Id.* at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.*

Here, at the administrative hearing, the ALJ posed a hypothetical including Plaintiff's ultimate RFC limitations and vocational profile to the VE (Tr. 188–89). In response, the VE affirmed that there were jobs available in the national economy for individuals with the same background and restrictions (Tr. 189–90). The VE provided several examples of representational jobs along with relevant job numbers, i.e., office helper (14,000 jobs), routing clerk (105,000 jobs), and router (35,000 jobs) (Tr. 189–90). The ALJ asked the VE whether each of the three jobs allowed for standing and walking of only 4 hours per day (Tr. 190), and the VE answered in the affirmative: "They do, Your Honor. They can be done either sitting or standing, Your Honor" (Tr. 190). The ALJ further asked: "And have your answers today been based on the DOT and if not, can you explain any differences" (Tr. 191). The VE replied:

> They have been based on the DOT in those areas addressed by the DOT, but if those areas are not addressed by the DOT, such as a reduction in standing and walking, the use of glasses for corrective vision . . . production, the definition of production, the off-task behavior, as well as days missed, that's—that's based on my education, training, and 35 years of experience in supporting adults with disabilities in community-based jobs.

(Tr. 191–92).

Plaintiff argues that this narrative demonstrates a conflict between the VE testimony and the DOT because it is clear from the job description that it is impossible to do some of the tasks while sitting. But this Court cannot identify any "apparent conflict" between the VE testimony and the DOT based on the subject jobs, of which the ALJ inquired into (Tr. 191–92). The VE identified office helper (14,000 jobs), routing clerk (105,000 jobs), and router (35,000 jobs), and the ALJ asked the VE whether each of the three jobs allowed for standing and walking of only 4 hours per day, and the VE answered in the affirmative (Tr. 190). Plaintiff only argues that some of the tasks in each job are impossible to do while sitting, which seems consistent with all of the jobs allowing either sitting or standing, and for standing and walking of only 4 hours per day. Thus, this Court finds that no "apparent conflict" exists, and the ALJ's examination of the VE is supported by substantial evidence.

**B. New evidence before the Appeals Council**

Next, Plaintiff argues that the Appeals Council erred in finding that the new medical evidence she submitted did not relate to the period at issue in the ALJ's decision. Plaintiff specifically seeks review for Dr. Carl Shenkman's treatment notes from May 20, 2024, after the ALJ's decision on April 25, 2024. Dr. Shenkman's notes from May 2024 stated that Plaintiff presents with numerous symptoms, including migraines/debilitating headaches, chronic back pain, difficulty sleeping, and painful hips and legs (Tr. 124). Dr. Shenkman noted that "[a]t the time of interview," Plaintiff experienced headaches between 3-5 times per month (Tr. 124).

Plaintiff reported to Dr. Shenkman that she had "activity intolerance due to her painful, tired legs" (Tr. 124). However, at the time of Plaintiff's examination with Dr. Shenkman, she had not had an MRI in over five years for her migraines (Tr. 124).

Generally, a claimant may present evidence at each stage of the administrative review process. *See Hargress v. Comm'r of Soc. Sec. Admin.*, 883 F.3d 1302, at 1308-09 (11th Cir. 2018) (citing *Ingram*, 496 F.3d at 1261)). If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider whether the evidence is new, whether it relates to the period on or before the ALJ's hearing decision, and whether it is material—that there is a reasonable probability that it would change the outcome of the decision. *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); *see also Hargress*, 883 F.3d at 1309. New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); *Ingram*, 496 F.3d at 1261; *see also Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (noting the issue in a disability case is whether a claimant was "entitled to benefits during a specific period of time, which was necessarily prior to the date of the ALJ's decision").

Dr. Shenkman's notes specify that his assessment of Plaintiff occurred "[a]t the time of interview" in May 2024, but Plaintiff described to him symptoms that possibly occurred up to five years prior to her examination (Tr. 124). Dr. Shenkman did not appear to rely on evidence that manifested before the ALJ's decision. *See Clough v. Soc. Sec. Admin., Comm'r*, 636 F. App'x 496, 497–98 (11th Cir. 2016)

(finding that new evidence is chronologically relevant when the examining doctor relied on evidence prior to the ALJ's decision in addition to the physical examination). On this record, the Appeals Council did not err in finding that Dr. Shenkman's notes were not chronologically relevant.

But even if Dr. Shenkman's notes were chronologically relevant, this Court still finds that the Appeals Council did not err because there is no reasonable probability that it would change the outcome of the decision. The ALJ determined that Plaintiff's migraines were substantiated by the record medical evidence and thus rose to the level of a severe impairment (Tr. 148, 154). Subsequently, the ALJ adequately considered Plaintiff's migraines in formulating the RFC (Tr. 150–57). The ALJ's decision detailed Plaintiff's reports of migraines dating back to her childhood but highlighted that the record includes few, if any, evidence to substantiate the claim (Tr. 154). The ALJ was thus unable to limit Plaintiff's RFC beyond the exertional, postural, manipulative, environmental, visual, and mental restrictions restrictions he already found (Tr. 154). Dr. Shenkman's notes do not change this assessment. Rather, the newly submitted treatment notes from Dr. Shenkman merely confirmed the ALJ's findings from the adjudicated period—that Plaintiff experienced migraines and has not much medical attention to treat them (Tr. 124). Because Dr. Shenkman's treatment notes do not offer any chonorically relevant evidence that would warrant a more limited RFC, the Appeals Council properly rejected the new evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

DONE AND ORDERED in Tampa, Florida, on this 11th day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record